# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**LUKE S PIERRE ET AL**                    **CASE NO.  6:20-CV-01660**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**TRANSPORTATION INSURANCE CO**    **MAG. JUDGE CAROL WHITEHURST**

## MEMORANDUM RULING

Before the Court is "Transportation Insurance Company's Motion to Dismiss Under Rule 12(B)(6)" (Doc. 9) wherein Transportation Insurance Company ("TIC") moves to dismiss this lawsuit for failure to state a claim upon which relief may be granted.

## STATEMENT OF THE CASE

This case involves business loss coverage under an insurance policy caused by the COVID-19 pandemic and government shutdown orders. Plaintiffs are a dentist and dental office located in Lafayette, Louisiana.  Plaintiffs, Luke St. Pierre DDS and Dr. Luke St. Pierre (A Professional Dental Corporation) (collectively "St. Pierre") purchased an insurance policy from TIC which was in effect during the relevant policy period. The insurance policy provides additional coverage for loss of business income in the form of Business Income, Extra Expense and Civil Authority.

Due to the COVID-19 pandemic and several Executive Orders issued by Louisiana Governor John Bel Edwards, St. Pierre filed a claim for loss of business income under the Civil Authority Endorsement, and Business Income and Extra Expense Endorsement. TIC

denied the claim based on its interpretation of the terms of the Policy.  TIC contends that there is no coverage because of the absence of "physical damage." In other words, neither of the relevant policy endorsements have been triggered.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281

(5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).  "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

In a nutshell, TIC argues that St. Pierre's claims must be dismissed because St. Pierre has failed to allege that its losses were caused by "direct physical loss of or damage to" property at the locations insured under the policy.  TIC maintains that this is a threshold requirement under the Business Income and Extra Expense coverage provisions of the Policy.  TIC further maintains that St. Pierre is not entitled to Civil Authority coverage

because the petition does not plead either of the two prerequisites for such coverage; (i) that a governmental order was issued *because of direct physical loss of or damage* to other property, or (ii) that a government order *prohibited access* to the insured locations.

*Business Income or Extra Expense coverage*

In its Petition for Declaratory Judgment filed in state court and later removed to this Court, St. Pierre alleges that it is "likely" that the Coronavirus was present at its insured property, which "thereby caused physical loss and damage to the property."[1] TIC maintains that St. Pierre has failed to identify what property located within the dentistry was "lost" or "damaged" by the Coronavirus.  Simply stated, if there is no physical loss to the insured property, there is no coverage.

Regarding the business income loss, the Policy provides the following provision, in pertinent part:

**<u>Business Income</u>**

a. the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" ("Business Income" coverage);

b. We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations' during the "period of restoration."  The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.  With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of the site at which the described premises are located.

---

[1] Doc. 1-1, ¶ 17.

St. Pierre maintains that the Business Income portion states "direct physical loss of or damage to property," and that the emphasis should be placed on the words "Loss of" and "or" in that sentence. St. Pierre argues that *physical loss* is distinct from physical damages so as to include loss of use of the insured property. St. Pierre suggests that when drafting the policy language, TIC should have used "and" for the word "or," but chose "or" to indicate the there is a distinction between the two separate acts which are "direct physical loss of" or "physical damage to". St. Pierre posits that that the term "loss of" does not mean physical damage.

TIC argues that St. Pierre is asking the Court to ignore the word "physical" in the Policy. TIC relies on several Louisiana cases that have ruled that this phrase unambiguously does not extend to claims arising from the pandemic because there was no physical damage. *Terry Black's Barbecue, LLC v. State Automobile Mutual Ins. Co.*, 2021 WL 972878 (W.D.Tx. 1/21/2021) (holding that a restaurant's business income and extra expense coverage was not triggered due to the COVID pandemic because "physical loss" required there to be some "distinct, demonstrable, physical alteration of the property," as opposed to merely economic losses. Also related civil authority orders do not cause any tangible physical alteration to property); *Real Hospitality, LLC v. Travelers Cas. Ins. Co. of Am.* 2020 WL 6503405 (S.D. Miss. Nov. 4, 2020) (involving losses incurred during the COVID pandemic of a commercial policy holder with a Business Income/Extra Expense coverage; the court found that Plaintiff failed to state a claim because the plaintiff did not allege that any insured property was damaged, specifically rejecting Plaintiff's contention that "loss of property" reasonably includes loss of usability.); see also *Travelers Cas. Inc.*

*Co. of Am. v. Geragos & Geragos,* 2020 WL 6156584 (C.D.Cal. Oct. 19, 2020); *Louis G. Orsatti, DDS, P.C. v. Allstate Ins. Co.,* 2020 WL 5948269 (W.D.Tex. Oct. 7, 2020); *Henry's La. Grill, Inc. v. Allied Ins. Co. of Am.,* 2020 WL 5938689 (C.D. Cal. Oct. 2, 2020); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.,* 2020 WL 5500221, at* 1 (S.D. Cal. Sept. 11, 2020); *10E, LLC v. Travelers Indemnity Co. of Conn.,* 2020 WL 5359653 (C.D.Cal. Sept. 20, 2020); *Malaube, LLC v. Greenwich Ins. Co.,* 2020 WL 50515814 (S.D.Fla. Aug. 26, 2020).

The Policy provides the following relevant definitions:

20. **"Period of Restoration"** means the period of time that:

**a.** Begins with the date of direct physical loss or damage caused by or resulting from any Covered Causes of Loss at the described premises; and

**b.** Ends on the earlier of:

**(1)** The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

**(2)** The date when business is resumed at a new permanent location.[2]

As for "Extra Expense" coverage, the Policy provides:

**2. Extra Expense**

**a.** Extra Expense means reasonable and necessary expenses you incur during the "period of restoration" that you would not have incurred if

---

[2] Defendant exhibit 8, ¶ 20, p. 38, Doc. 9-2.

there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss.[3]

"Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." Louisiana Civil Code article 2050. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Louisiana Civil Code article 2046. Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract. *Prejean v. Guillory,* 38 So.3d 274 (La. 7/2/10).

Based on the foregoing, and reading the Policy as a whole, the Court finds that St. Pierre's Petition for Declaratory Judgment fails to state a claim because it does not allege that any insured property was damaged as required by the Policy. Consequently, St. Pierre has failed to plausibly allege any entitlement to coverage under the Business Income or Extra Expenses provisions in the Policy.

*Civil Authority*

St. Pierre further argues that it suffered a "direct physical loss of" property under the Policy's Civil Authority Endorsement. It also asks the Court to find that the Civil Authority Endorsement is triggered under Merriam-Webster's definition of the word "access" in the phrase "action of civil authority that prohibits access to the described premises."[4]

---

[3] Id. p. 44.
[4] Doc. 11, pp. 14, 16.

Under this Endorsement, the Policy provides, in pertinent part, the following:

**CIVIL AUTHORITY**

> **1.** When the Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premises.  The civil authority action must be due to direct physical loss of or damage to property at locations, other than described premises, caused by or resulting from a Covered Cause of Loss.

TIC asserts that no order issued in response to the COVID-19 pandemic "prohibited" access to the property and remarks that St. Pierre continued to enter the Property. TIC also notes that the Governor's Orders permitted essential procedures and access to facilities to perform those services. See Doc. 1-1, ¶ 58. St. Pierre has judicially admitted this fact.[5] Dr. St. Pierre also admits that he was always authorized to use the insured property for emergency dental work.[6]

The Fifth Circuit has held that the critical word is "prohibit[,]" which means to "to forbid [access] by authority or command." *730 Bienville Partners, Ltd. v. Assurance Co. of Am.,* 2003 WL 21145725 at *2 (5th Cir. 2003). The clause requires complete prohibition of access. See *Commstop v. Travelers Indem. Co. Connecticut,* 2012 WL 1883461, at *10 (W.D.La. May 17, 2012).

---

[5] Doc. 1-1, ¶ 58.
[6] Doc. 11, p. 16-17.

TIC also contends that the Orders were not issued due to direct physical loss of or damage to the property. The Policy's Civil Authority Endorsement only applies to civil authority orders issued "due to direct physical loss of or damage to property."[7]

The Court finds that St. Pierre has failed to allege facts sufficient to show that any of the relevant orders were due to any prior physical loss of or damage to property, and St. Pierre has failed to allege facts that it was prohibited from entering its property.

## CONCLUSION

For the reasons set forth herein, the Court will grant TIC's Motion to Dismiss because St. Pierre cannot establish its *prima facie* burden of proving coverage under the Policy.

**THUS DONE AND SIGNED** in Chambers on this 29th day of April, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[7] Defendant's exhibit A, p. 69.