UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LUKE S PIERRE ET AL** | **CASE NO. 6:20-CV-01660** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TRANSPORTATION INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' "Motion for New Trial Pursuant to F.R.C.P. 59(e), or Alternatively, to Amend Judgment Pursuant to F.R.C.P. 59(e)" (Doc. 18). Plaintiffs challenge this Court's Memorandum Ruling[1] wherein the Court dismissed Plaintiffs' lawsuit for failure to state a claim upon which relief may be granted. Specifically, the Court held that the insurance policy at issued in this litigation did not cover Plaintiffs' business loss allegedly caused by the COVID-19 pandemic because there was no direct physical loss or damage.

Also, before the Court is "Plaintiff's Request for Oral Argument on Motion for New Trial Pursuant to F.R.C.P. 59(a)(1)(B), or Alternatively, to Amend Judgment Pursuant to F.R.C.P. 59(e)" (Doc. 20).

Plaintiffs argue that the Court erred in its ruling and re-argues that a virus can cause physical loss or damage. As noted by Defendant, there is a universe of Louisiana jurisprudence concerning pandemic-related business interruption claims wherein the courts have held that COVID-19 pandemic does not cause direct physical loss of or damage to property. See *Terry Black's Barbecue, LLC v. State Automobile Mutual Ins. Co.,* 2021 WL 972878 (W.D.Tx.

---
[1] Doc. 16.

1/21/2021) (holding that a restaurant's business income and extra expense coverage was not triggered due to the COVID pandemic because "physical loss" required there to be some "distinct, demonstrable, physical alteration of the property," as opposed to merely economic losses. Also related civil authority orders do not cause any tangible physical alteration to property); *Real Hospitality, LLC v. Travelers Cas. Ins. Co. of Am.* 2020 WL 6503405 (S.D. Miss. Nov. 4, 2020) (involving losses incurred during the COVID pandemic of a commercial policy holder with a Business Income/Extra Expense coverage; the court found that Plaintiff failed to state a claim because the plaintiff did not allege that any insured property was damaged, specifically rejecting Plaintiff's contention that "loss of property" reasonably includes loss of usability.); see also *Travelers Cas. Inc. Co. of Am. v. Geragos & Geragos*, 2020 WL 6156584 (C.D. Cal. Oct. 19, 2020); *Louis G. Orsatti, DDS, P.C. v. Allstate Ins. Co.*, 2020 WL 5948269 (W.D.Tex. Oct. 7, 2020); *Henry's La. Grill, Inc. v. Allied Ins. Co. of Am.*, 2020 WL 5938689 (C.D. Cal. Oct. 2, 2020); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 2020 WL 5500221, at*1 (S.D. Cal. Sept. 11, 2020); *10E, LLC v. Travelers Indemnity Co. of Conn.*, 2020 WL 5359653 (C.D. Cal. Sept. 20, 2020); *Malaube, LLC v. Greenwich Ins. Co.*, 2020 WL 50515814 (S.D. Fla. Aug. 26, 2020); *Cajun Conti LLC v. Certain Underwriters at Lloyd's London,* Civil Action 2020-2558 (Civ. Dist. Court Parish of Orleans, Judge Irons, presiding); *Aggie Invs., L.L.C. v. Cont'l Cas. Co.*, 2021 WL 1550479, at *4 (E.D. Tex. Apr. 20, 2021), *Kennard Law, P.C. v. National Fire Ins. Co. of Hartford,* Civ. Action No. 4:20-02534 (S.D. Tex. June 11, 2021); *Nite, Nite LLC v. Certain Underwriters at Lloyd's,* Civ. Action No. 698068, (19th JDC, Parish of East Baton Rouge) (finding the Coronavirus and related civil authority orders did not cause a "direct physical loss of or damage to" property under Louisiana law); *Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.,* 2021 WL

1600247, at *6 n.2 (E.D. La. Apr. 23, 2021) (citing *Hartford Ins. Co. of Midwest v. Miss. Valley Gas Co.,* 181 F. App'x 465, 470 (5th Cir. 2006) (finding that "[a]bsent evidence that its property sustained physical and demonstrable alteration, [the] damages do not meet the Fifth Circuit's definition of covered physical loss or damage." *Q Clothier,* 2021 WL 1600247 at *7; *Muriel's New Orleans, LLC v. State Farm Fire and Cas. Co.,* 2021 WL 1614812, at *7 (E.D. La. Apr. 26, 2021) citing *Trinity Indus., Inc. v. Ins. Co. of N. Am.,* 916 F.2d 267 (5th Cir. 1990) (applying Louisiana law and *Hartford* for the proposition that "physical loss" required "distinct, demonstrable, physical alteration of the property.") 2021WL 1614812, at *7 (E.D. La. Apr. 26, 2021).

The Court finds no basis in law to reverse its earlier ruling. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for New Trial Pursuant to F.R.C.P. 59(e), or Alternatively, to Amend Judgment Pursuant to F.R.C.P. 59(e) (Doc. 18) is hereby **DENIED.**

**IT IF FURTHER ORDERED** that the Motion for Oral Arguments are hereby **DENIED** as unnecessary.

**THUS DONE AND SIGNED** in Chambers on this 1st day of July, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**